**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAMES WILLIS COMMANDER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. 20-CV-319-RAW-KEW** |
| | ) | |
| **JANET DOWLING, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 7). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma. He is attacking his conviction and sentence in Muskogee County District Court Case No. CRF-82-82 for Kidnapping, After Former Conviction of a Felony (Count 1); Assault with a Dangerous Weapon, After Former Conviction of a Felony (Count 2); and First Degree Rape, After Former Conviction of a Felony (Count 3). He raises the following grounds for relief:

Ground I: The State of Oklahoma lacked jurisdiction, because Petitioner's crimes occurred within Indian Country and under the Major Crimes Act.

Ground II: Counsel was ineffective in failing to argue Indian Country jurisdiction or Major Crimes Act.

Ground III: Double jeopardy.

Respondent has filed a motion to dismiss, alleging among other things, that Petitioner has not exhausted the state court remedies for his claims. The record shows that Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-84-607. *Commander v. State*, 734 P.2d 313 (Okla. Crim. App. 1987) (Dkt. 8-2). He raised the following claims in his appeal:

A.      The trial court erred in failing to grant a directed verdict of acquittal on the rape count, because the State did not produce evidence of penetration, and the victim's testimony was uncorroborated.  *Id.* at 315.

B.      The victim's in-court identification of Petitioner was tainted by pretrial irregularities.  *Id*. at 316.

C.      Prosecutorial misconduct contributed to the jury's verdict convicting him of First Degree Rape.  *Id*.

D.      Ineffective assistance of counsel.  *Id*. at 317.

The OCCA found no merit in Petitioner's claims for relief and affirmed his Judgment and Sentence.  *Id.*  He did not pursue post-conviction relief, however, in 2015 and 2016, he made two unsuccessful attempts to obtain his trial transcripts (Dkts. 8-5, 8-6, 8-7).[1]

"A threshold question that must be addressed in every habeas case is that of exhaustion."  *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).  To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter.  *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

---

[1] Petitioner's state-court proceedings concerning prison disciplinary proceedings (Dkts. 8-3, 8-4) are not relevant to this habeas action.

Here, the Court finds Petitioner has not raised the claims in his habeas corpus petition to the trial court or the OCCA.  Therefore, Respondent's motion to dismiss unexhausted petition (Dkt 7) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is DENIED a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss unexhausted petition for writ of habeas corpus (Dkt. 7) is GRANTED, this action is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 16th day of June 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma